IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


MICHAEL MONTEL WILLIAMS,               )

                  Plaintiff               )

           v.               )               No.  4:05-cv-09

GRUNDY COUNTY, TENNESSEE,               )

               Defendant               )


## MEMORANDUM OPINION


       This is an action brought pursuant to 42 U.S.C. § 1983 alleging that the

plaintiff's due process and equal protection rights under the Fourteenth Amendment

were violated by Grundy County, Tennessee, when it failed to investigate and

prosecute an individual named Charles Anderson.  The complaint raises no state law

causes of action.  Currently pending is the defendant's motion to dismiss for failure

to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal

Rules of Civil Procedure.  For the reasons that follow, the motion will be granted and

this action dismissed.

I.

### *Factual Allegations*

The following factual allegations are considered in the light most favorable to the plaintiff.

Plaintiff's complaint alleges that in November 2003, the Grundy County Sheriff's Department commenced an unwarranted, unlawful, and unconstitutional practice directed toward plaintiff. On November 2, 2003, plaintiff was viciously attacked, without cause, by a man named Charles Anderson, who is a member of a politically powerful Grundy County family. Plaintiff contends that the Grundy County Sheriff's Department failed and refused to take any action against Anderson, although his culpability for the attack was clear.

Plaintiff further claims that subsequent to November 2003, the Sheriff's Department has failed and refused to take any action whatsoever against either Charles Anderson or his family and has condoned, permitted, and abetted the Anderson family's continuing harassment of the plaintiff. Plaintiff alleges that on January 31, 2004, a member of the Anderson family, or some persons acting on their behalf, followed plaintiff's motor vehicle and assaulted plaintiff by discharging one or more firearms into plaintiff's vehicle. Plaintiff reported this incident to the

2

Sheriff's Department, but once again the Sheriff's Department exercised its policy of permitting, condoning or abetting the Anderson family's unlawful and tortious batteries upon plaintiff.

Plaintiff claims that on one or more occasions the Sheriff of Grundy County has instructed his employees, including deputy sheriffs, not to arrest or take any other action against members of the Anderson family insofar as their actions toward the plaintiff are concerned. During that same period of time, the Sheriff's Department has enforced applicable laws against persons who are not members of the Anderson family. Plaintiff contends that the Sheriff's Department's policy, practice, or custom of ignoring crimes committed by the Anderson family is selective enforcement of the law in violation of plaintiff's right to equal protection guaranteed by the Fourteenth Amendment, and the Sheriff's Department's failures to act upon plaintiff's lawful criminal complaints is a violation of his due process rights.

Plaintiff contends that as a proximate result of Grundy County's wrongful acts and omissions, he has suffered painful and disabling personal injuries, medical expenses, diminishment of his ability to earn, and continuing mental anguish.

## II.

### *Motion to Dismiss Standards*

Technically, a Rule 12(b)(6) motion does not attack the merits of the case - it merely challenges the pleader's failure to state a claim properly. 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 1364 at 340. In deciding a 12(b)(6) motion, the court must determine whether plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The complaint must in essence set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. *Jenkins v. McKeithen*, 395 U.S. 411 (1969). Conclusory allegations are not acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves. *Vermilion Foam Products Co. v. General Electric Co.*, 386 F. Supp. 255 (E.D. Mich. 1974). The court cannot dismiss plaintiff's complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.

**Plaintiff's Due Process Claim**

In order to state a due process violation under 42 U.S.C. § 1983, plaintiff must show (1) state action, and (2) to deprive him of a federally protected constitutional right. *Flint, ex rel., Flint v. Kentucky Department of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001). A public official or entity is liable under § 1983 only if they cause the plaintiff to be subjected to deprivation of his constitutional rights. *Baker v. McCollon*, 443 U.S. 137, 142 (1979).

Due process confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. *DeShaney v. Winnegago County Dept. of Social Services*, 489 U.S. 189, 197 (1989). A state's failure to protect an individual against private violence does not constitute a violation of the due process clause. *Id.* In *DeShaney,* the United States Supreme Court dismissed a claim of a due process violation where state officials knew that a minor was being abused by his father but did nothing to remove the minor from his father's custody. *Id.* Subsequently, the father beat the son severely, causing permanent brain damage. *Id.* The Court held that the state's failure to protect an individual against private violence simply does not constitute a violation of due process. *Id.*

5

In the instant case, Grundy County's failure to prosecute the Andersons based upon the complaints made by plaintiff does not constitute a due process violation. Nor does the assault inflicted upon plaintiff by Charles Anderson constitute any form of state action necessary to implicate Grundy County.

There is an exception to the general rule that the state has no duty to protect an individual member of the public under due process known as the "special relationship" exception. *Youngberg v. Romeo*, 457 U.S. 307, 319 (1982). This duty arises with involuntarily committed mental patients, prisoners, and others who the state holds against their will. It has been held that when the state, by the affirmative exercise of its power, so restrains an individual's liberty that it renders him unable to care for himself, the Eighth Amendment may place a duty on the state to provide basic services for the safety and welfare of the individual. *DeShaney*, 49 U.S. at 200. Contrary to plaintiff's argument, no such duty on the part of Grundy County existed in this case since plaintiff was not confined and the county had no "special relationship" with him.

The court notes that the only claim in the complaint that might be construed to allege that any state action was involved is the conclusory allegation that the county "abetted" the Anderson family's continuing harassment of the plaintiff. However, the complaint does not provide any examples of actions taken by any

6

Grundy County officers where they "abetted" the Andersons. Conclusory allegations are not acceptable to defeat a motion to dismiss where no facts are alleged to support the conclusion. *Vermilion Foam Products*, 385 F. Supp. 255.

Accordingly, plaintiff has failed to state a claim upon which relief can be granted for a due process violation.

IV.

### *Plaintiff's Equal Protection Claim*

In order to state a claim under § 1983 that an officer violated a plaintiff's equal protection rights, the plaintiff must be able to demonstrate that the officer's actions were the result of discrimination against a protected minority. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Plaintiff here does not even attempt to make the argument that he is a member of a protected minority. Accordingly, he fails to state a claim upon which relief can be granted under the equal protection clause.

7

V.

**Conclusion**


In light of the foregoing, the motion to dismiss of defendant Grundy County for failure to state a claim upon which relief can be granted [Court File #50] will be granted and this action will be dismissed.


Order accordingly.


_____***s/  James H. Jarvis***_____
UNITED STATES DISTRICT JUDGE